**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0100, <u>State of New Hampshire v. Gretchen A. Haffer</u>, the court on September 15, 2017, issued the following order:**

The motion for permission to file supplemental briefs is denied.

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Gretchen A. Haffer, appeals her conviction, following a bench trial in Circuit Court (<u>Carroll</u>, J.), on a charge of following too closely. <u>See</u> RSA 265:25 (2014). We construe her brief to argue that: (1) the evidence was insufficient to support her conviction; and (2) the fine exceeded that authorized by statute.

We first address the sufficiency of the evidence. To prevail upon a challenge to the sufficiency of the evidence, the defendant must demonstrate that no rational trier of fact, viewing all of the evidence and all reasonable inferences from it in the light most favorable to the State, could have found guilt beyond a reasonable doubt. <u>State v. Cable</u>, 168 N.H. 673, 677 (2016). In such a challenge, we objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. <u>Id</u>. Because a challenge to the sufficiency of the evidence raises a claim of legal error, our standard of review is <u>de</u> <u>novo</u>. <u>Id</u>. We defer to the trial court's credibility determinations unless no reasonable person could have come to the same conclusion after weighing the testimony. <u>State v. Livingston</u>, 153 N.H. 399, 402 (2006).

RSA 265:25, I, prohibits the driver of a vehicle from following another vehicle "more closely than is reasonable and prudent, having due regard for the speed of such vehicles." According to the parties' agreed statement of facts, the police officer who stopped the defendant testified that, prior to the stop, he was traveling 35 miles per hour and the defendant was driving so closely behind his vehicle that he could not see her license plate or headlights in his rear-view mirror. He further testified that, using passing signposts to measure, he determined that the defendant was less than one second behind him. The trial court found the officer's testimony "extremely credible." The defendant testified that she was traveling at 25 miles per hour and was at least five feet behind the officer's vehicle.

At 35 miles per hour, the vehicles were traveling approximately 51 feet per second. Even if the trial court accepted the defendant's testimony that the vehicles were traveling 25 miles per hour, they were moving approximately 37 feet per second. Thus, viewing the evidence in the light most favorable to the State, we conclude that the trial court could have reasonably found that the defendant was following the officer's vehicle "more closely than [was] reasonable and prudent, having due regard for the speed of such vehicles." RSA 265:25.

We next address whether the fine was excessive. Pursuant to RSA 265:25, IV, the fine for driving too closely is $100. Pursuant to RSA 188-F:31, I (Supp. 2016), "a penalty assessment of $2 or 24 percent, whichever is greater" shall be added to every fine for a criminal offense. Thus, the $124 fine imposed here was proper. We note that the trial court suspended the fine for "1 yr. good behavior."

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Lynn, Bassett, and Hantz Marconi, JJ., concurred.

**Eileen Fox,**
**Clerk**

2